[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This tax appeal is taken from a decision of the City of Danbury Board of Assessments Appeals. The property in question was revalued for the October 1, 1999 Grand List of Danbury, and the appeal was amended to also include the years 2000 and 2001. The Board accepted the determination of the city tax assessor to increase the assessed value of certain improved real property owned by the plaintiff, Grolier Incorporated, and located at 8-24 Old Sherman Turnpike, Danbury, Connecticut.
The court finds as follows.
The acreage and improvements owned by Grolier and in question before this court amount to 18.16 acres consisting of 154,088 square feet of office space, 146,748 of warehouse space, and 762 spaces for vehicle parking.
It was stipulated by both parties that the highest and best use of the improved property was its continued use as an owner-occupied, single user, office/warehouse facility. The value of the subject property with improvements, as determined by the initial appraiser hired by the assessor for the City of Danbury, Vision Appraisal Technology, was $17,662,600.
The appraiser for Grolier's appeal, Ernst Young LLP, of Philadelphia, used the Cost Approach method for the valuation of the property and concluded that; the land was worth $2,000,000; the replacement cost new for the three buildings and site improvements was $23,523,349, and; the depreciation for all improvements was $13,551,611. Those figures, plus the land value, totaled $12,000,000 in rounded figures.[1]
Upon appeal by Grolier, the City of Danbury hired a second appraiser, Moran Associates, Inc., of Connecticut. Moran Associates decided to use and then correlate all three recognized approaches to CT Page 2109 market value:[2] the Cost Approach; the Sales Comparison Approach; and the Income Capitalization Approach. All three approaches, looked at individually, resulted in figures that were within $300,000 of each other. Their determination and the figure they submitted to the court, was that the correlated market value as of October 1, 1999 was $15,100,000. When using the cost approach method only, Moran Associates concluded that the acreage was worth $1,800,000; the replacement cost new was $16,790,000; with depreciation of $3,358,000, for a rounded total of $15,200,000.
The court finds that since Grolier has received a decision from the board of tax review which is adverse to their position as a property owner, the aggrieved requirement of Connecticut General Statutes §12-117a is met and proved.[3] "In § 12-117a tax appeals, the trial court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the [taxpayer's] property . . . Once the taxpayer has demonstrated aggrievement by proving that its property was over assessed, the trial court [will] then undertake a further inquiry to determine the amount of the reassessment that would be just." (Citations omitted; internal quotation marks omitted.) UnitedTechnologies Corp. v. East Windsor, 262 Conn. 11, 22-23 (2002). Accordingly, the court finds that at the very least, between the City's own two appraisers alone and not taking into account the even lower figure arrived at by Grolier's appraiser, that the plaintiff is aggrieved in the amount of $2,562,600.
One of the most obvious of many discrepancies between the parties' calculations is the depreciation percentages used in reaching the valuation amounts they present to this court. Both appraisers essentially agree that the value of the 18.16 acres was between $1,800,000 to $2,000,000. Although both Moran Associates and Ernst Young used the Cost Approach method, the firms used widely differing depreciation percentages in determining the replacement costs of the warehouse/office complex. Moran Associates used 20 percent depreciation, compared to Ernst Young which used 50 percent for physical depreciation, plus 8.5 percent for functional obsolescence, for a total of 58.5 percent. Based upon all the testimony presented, the true and actual value of the subject property lies somewhere between the two values testified to by the appraisers.
The court finds that both appraisers were credible. However, the court must arrive at its own conclusion as to the value of the property in question because of the divergence of values between the appraisers, who employed the same methodologies to reach opposing values. "[In a tax appeal], [t]he trier of fact must arrive at [its] own conclusions as to CT Page 2110 the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value . . ." (Internal quotation marks omitted.)United Technologies Corp. v. East Windsor, 262 Conn. 11, 23 (2002).
The court finds that the fair market value of the subject property to be $13,550,000 as of October 1, 1999. Judgment, plus costs, shall enter, accordingly.
Upson, J.